J. KEVIN LILLY, Bar No. 119981
klilly@littler.com
SCOTT M. LIDMAN, Bar No. 199433
slidman@littler.com
IAN T. MAHER, Bar No. 280746
imaher@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:   310.553.0308
Facsimile:    310.553.5583

Attorneys for Defendants
WERNER ENTERPRISES, INC. and
DRIVERS MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN VESTER, and JOEL MORALES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT LLC,<br><br>Defendants. | Case No. **5:17-cv-00096**<br><br>**DEFENDANTS WERNER ENTERPRISES, INC. AND DRIVERS MANAGEMENT, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, & 1446]**<br><br>Complaint Filed: December 15, 2016 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS BRIAN VESTER AND JOEL MORALES AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE THAT Defendants WERNER ENTERPRISES, INC. ("Werner Enterprises") and DRIVERS MANAGEMENT, LLC ("Drivers Management") (collectively, "Defendants") hereby remove the above-entitled action brought by Plaintiffs BRIAN VESTER and JOEL MORALES (collectively, "Plaintiffs") in the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1332(d) (Class Action Fairness Act of 2005) and 1446 on the following grounds:

## I.

## STATEMENT OF DIVERSITY JURISDICTION UNDER THE CAFA

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. section 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) the total amount in controversy for all putative class members exceeds $5,000,000; and, (4) there is diversity between at least one class member and Defendants.

3. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which one defendant is not a citizen. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.

## VENUE

5. This action was filed in the Superior Court for the State of California for the County of San Bernardino. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84, 1391, 1441 and 1446.

## III.

## STATUS OF PLEADINGS, PROCESS AND ORDERS

6. On or about December 15, 2016, Plaintiffs commenced this action by filing an unverified class action complaint, entitled *Brian Vester, and Joel Morales, individually and on behalf of all others similarly situated, v. Werner Enterprises, Inc. and Drivers Management LLC*, designated Case No. CIVDS1621355 ("Complaint"), in the Superior Court of the State of California, County of San Bernardino ("San Bernardino Superior Court"). A true and correct copy of the Complaint is attached to this Notice as **Exhibit A**. The Complaint is incorporated by reference in this Notice without admitting the allegations contained therein. Plaintiffs allege that they and the members of the putative class they purport to represent are all current and/or former truck driver employees who were employed by Defendants exclusively in the State of California during the period of December 15, 2012 (four years before filing of complaint), through the date of class certification. Complaint ¶ 12.

7. In the Complaint, Plaintiffs allege the following causes of action on their own behalf and on behalf of the putative class members they seek to represent: (1) Failure to Pay for All Time Worked (Violation of Cal. Labor Code §§ 1194, 1194.2,

226.2), (2) Failure to Provide Meal and Paid Rest Periods and/or Pay Premiums (Violation of Cal. Labor Code §§ 226.7, 512 and sections 11 and 12 of IWC Order No. 9); (3) Failure to Furnish Complete and Accurate Itemized Statements (Violation of Cal. Labor Code §§ 226, 226.2); (4) Illegal Wage Deductions (Violation of Cal. Labor Code §§ 221, 224, 2802 and IWC Wage Order No. 9-2001 § 8); (5) Failure to Pay Termination Wages (Violation of Cal. Labor Code §§ 201-203); and (6) Unfair Competition (Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

8.  This action was brought as a putative class action pursuant to California Code of Civil Procedure section 382, which authorizes actions brought by one or more representative persons as a class, similar to Rule 23 of the Federal Rules of Civil Procedure.

9.  On December 15, 2016, a Summons, Civil Case Cover Sheet, and Certificate of Assignment were issued. Attached as **Exhibit B** is a true and correct copy of the Summons, Civil Case Cover Sheet, and Certificate of Assignment.

10. On December 15, 2016, the Court issued a Notice of Case Assignment For All Purposes/Notice of Case Management Conference. The Notice provided that the case was assigned to Judge David Cohn in Department S26 and that a Case Management Conference was scheduled for March 8, 2017. Attached as **Exhibit C** is a true and correct copy of the Notice of Case Assignment For All Purposes/Notice of Case Management Conference.

11. On December 22 2016, Werner Enterprises and Drivers Management were served with the Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, and Notice of Case Assignment For All Purposes/Notice of Case Management Conference. Attached hereto as **Exhibit D** is a true and correct copy of the Proofs of Service of Summons by substituted service filed with the Court.

12. To Defendants' knowledge, no other processes, pleadings or orders related to this case have been served or filed in the San Bernardino Superior Court. Attached as **Exhibit E** is a true and correct copy of the Superior Court's Docket, last

visited January 17, 2017.

13. The Northern District of California has previously exercised jurisdiction, under CAFA, over two other putative class actions alleging the same claims as the instant class action: (1) *Russell v. Werner Enterprises, Inc., et al.*, Northern District of California Case No. 4:14-cv-03839-PJH ("*Russell/Abarca*"), which was removed on August 25, 2014 and thereafter retitled as *Abarca et al. v. Werner Enterprises, Inc., et al.* after being transferred to the District of Nebraska. (Declaration of Ian T. Maher ("Maher Decl."), filed concurrently herewith, ¶¶ 2-3, Exhs. A (First Amended Complaint in *Russell*) and B (Notice of Removal in *Russell*)); and (2) *Smith v. Werner Enterprises, Inc., et al.*, Northern District of California Case No. 3:15-cv-02978-RS ("*Smith*") (Maher Decl., ¶¶ 4-5, Exhs. C (Complaint in *Smith*) and D (Notice of Removal in *Smith*)).

14. *Russell/Abarca* involves a putative class of truck drivers who claim they worked for Werner Enterprises in California during the period of time from June 4, 2010 through the present, which includes the putative class that Plaintiffs seek to represent in the instant Complaint. Maher Decl. ¶¶ 2-3, Exhs. A (First Amended Complaint in *Russell* ¶¶ 6, 9) and B (Notice of Removal in *Russell* ¶ 5 and Exhibit A thereto); Complaint ¶ 12. The same causes of action alleged in this case are also asserted in *Russell*. Complaint, ¶¶ 43-53, 54-61, 62-69, 70-74, 75-79, 80-89; Maher Decl. ¶ 2, Exh. A (First Amended Complaint in *Russell* ¶¶ 16-20, 21-25, 26-30, 31-34, 35-39). The operative complaint in *Abarca* alleges putative class claims on behalf of "all truck drivers who, while working for [Defendants], picked up and/or dropped off a load in the state of California after the completion of training at any time since four years before the filing of this legal action until such time as there is a final disposition of this lawsuit" (the "California Class"). Maher Decl. ¶ 6, Exh. E (Fourth Amended Complaint in *Abarca* ¶ 8.) Six causes of action are alleged against Defendants on behalf of the proposed California Class: (1) failure to provide meal and rest periods; (2) failure to pay minimum and/or regular wages for all time worked; (3) unauthorized

and improper "pay deductions"; (4) failure to provide and maintain accurate itemized wage statements and records; (5) violation of Business and Professions Code section 17200 *et seq.*; and (6) violation of other provisions of the Labor Code for which recovery is allowed pursuant to the Private Attorneys' General Act ("PAGA"), Labor Code section 2698 *et seq.* (*Id.* ¶¶ 19-48.) These claims also include requests for waiting time penalties for failure to pay wages due upon termination. (*Id.* ¶¶ 21, 26, 31.)

15. *Smith* involves a putative class of truck drivers who claim they worked for Werner Enterprises in California during the period from May 12, 2011 through the present, which includes the putative class that Plaintiffs seek to represent in the instant Complaint. Maher Decl. ¶¶ 4-5, Exhs. C (Complaint in *Smith* ¶ 43) and D (Notice of Removal in *Smith* ¶ 3 and Exhibit A thereto); Complaint ¶ 12.) The causes of action alleged in this case are similar to the claims alleged in *Smith*. Complaint, ¶¶ 43-53, 54-61, 62-69, 70-74, 75-79, 80-89; Maher Decl. ¶ 4, Exh. C (Complaint in *Smith* ¶¶ 75-84, 85-106, 107-124, 125-130, 131-139, 140-146, 147-156).

16. As in *Russell/Abarca*, the Northern District of California transferred the *Smith* Action to the District of Nebraska after removal. After the *Smith* action was transferred to the District of Nebraska, it was consolidated with the *Russell/Abarca* action because the Nebraska federal court concluded the two actions involved similar allegations of alleged violations of California law and therefore involved common issues of law and fact. Maher Decl. ¶ 7, Exh. F (Memorandum and Order granting Motion to Consolidate Cases for purposes of discovery and trial).

## IV.

## **TIMELINESS OF REMOVAL**

17. This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the

summons and complaint). Here, Plaintiffs served the Summons and Complaint by substituted service on December 22, 2016. Exhibit D. When the summons and complaint are served by substituted service, service is not complete until ten days after a copy of the summons and complaint is mailed to the defendant. Cal. Code Civ. Proc. § 415.20(a); *see also Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1165-66 (N.D. Cal. 2013); *Citibank, N.A. v. Francisco*, 2013 U.S. Dist. LEXIS 108999, at *5-6 (E.D. Cal. Aug. 1, 2013); *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.*, 12 Cal. App. 4th 74, 85 (1993). Given that that this action was served on December 22, 2016 via substituted service, service was not effected until January 1, 2017. Thereafter, Defendants filed this Notice of Removal on January 20, 2017, which is within thirty days from the completion of service. Thus, removal is timely. *Patterson v. Cate*, 2013 WL 6185221, at *2 n.2 (E.D. Cal. Nov. 26, 2013); *Citibank, N.A. v. Francisco*, 2013 U.S. Dist. LEXIS 108999, at *5-6 (E.D. Cal. Aug. 1, 2013); *Medrano v. Genco Supply Chain Solutions*, 2011 WL 92016, at *15 (E.D. Cal. Jan. 11, 2011); *Doijode v. Sears, Roebuck and Co.*, 2006 WL 149007, at *3 (N.D. Cal. Jan. 18, 2006).

## V.

## PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

18. Plaintiffs seek to represent current and former truck driver employees whom Plaintiffs claim were employed by Defendants exclusively in the State of California during the period of December 15, 2012, through the date of class certification. Complaint ¶ 12.

19. In the time period relevant for removal and going back four years prior to the filing of the Complaint, Defendants have employed in excess of 100 truck drivers who drove exclusively in California. *See also* Complaint ¶ 13 (stating "Plaintiffs believe there are approximately hundreds of class members, including current and former employees"). Thus, the proposed class in this case exceeds the jurisdictional minimum of 100 individuals/members.

# VI.

# DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES

20.  Defendants are not states, state officials, or other governmental entities.

# VII.

# PLAINTIFFS' CITIZENSHIP IS DIVERSE FROM DEFENDANTS' CITIZENSHIP

21.  **Plaintiffs are citizens of California.** Complaint ¶¶ 10-11. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

22.  Plaintiffs were at the time of the filing of this action, and currently are, residents and citizens of the State of California. Plaintiffs both allege they are "California resident[s]." Complaint ¶¶ 10-11. Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Chamness v. Stonebridge Life Ins. Co.*, No. CV 09–0780 AHM (JCx), 2009 WL 734137, at *2 (C.D. Cal. Mar. 18, 2009) (finding residency allegations in complaint "sufficient" to support citizenship allegations in removal notice); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Lew*, 797 F.2d at 751 (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *Marroquin v. Wells Fargo, LLC*, Civil No. 11cv163–L (BLM), 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (a person's residence is *prima facie* his domicile). Accordingly, Plaintiffs are citizens of the state of California for purposes of analyzing

diversity jurisdiction.

23. **Werner Enterprises is a citizen of Nebraska**. For purposes of 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

24. At the time the action was filed, Werner Enterprises was, and still is incorporated under the laws of the State of Nebraska and is therefore a citizen of the State of Nebraska. Declaration of Nathan J. Meisgeier ("Meisgeier Decl."), ¶ 2. Moreover, Werner Enterprises' principal place of business is located at its corporate headquarters in Omaha, Nebraska. *Id.* Its executive and senior management personnel work out of Werner Enterprises' headquarters in Nebraska. *Id.* Thus, Werner Enterprises is a citizen of Nebraska for diversity purposes.

25. **Drivers Management is a citizen of Nebraska**. For purposes of 28 U.S.C. section 1332, the citizenship of a limited liability company is determined by examining the citizenship of each of its members. *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006).

26. Drivers Management is a Delaware limited liability company with its principal place of business in Omaha, Nebraska. Meisgeier Decl., ¶ 3. Drivers Management's sole member is Gra-Gar, LLC ("Gra-Gar") which is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Omaha, Nebraska. *Id.* The only member of Gra-Gar is Werner Enterprises. *Id.* As explained above, Werner Enterprises is a citizen of Nebraska for diversity purposes. Thus, for purposes of diversity jurisdiction, Drivers Management is a citizen of Nebraska.

27. This action satisfies diversity requirements because Plaintiffs are citizens of the State of California and Defendants are citizens of Nebraska for diversity purposes. Therefore, the complete diversity requirements of 28 U.S.C. section 1332(a) are satisfied, along with the less strict diversity requirements under CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

## VIII.

## **AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**[1]

28. This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

29. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

30. Defendants expressly deny any liability for the damages alleged in Plaintiffs' complaint. However, for purposes of determining whether the minimum amount in controversy for removal purposes has been satisfied, the Court must presume that Plaintiffs will prevail on their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the

---

[1] The amount in controversy allegations contained herein are for purposes of removal only. Defendants deny that Plaintiffs are entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiffs' alleged damages in this case.

amount in controversy analysis presumes that "plaintiff prevails on liability"). The ultimate inquiry is what amount is put "in controversy" by a plaintiffs' complaint, and not what the defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

31. Here, Plaintiffs do not allege an amount in controversy for the putative class. Plaintiffs merely estimate, without elaboration, that the amount in controversy is less than $5,000,000. Complaint ¶ 6. However, Plaintiffs also claim the class includes "approximately hundreds" of current and former Werner Enterprises or Drivers Management drivers and Plaintiffs assert claims for wages allegedly owed to those drivers from December, 2012 through the present (at least a 4-year period). Complaint ¶¶ 12, 13. Among other relief, Plaintiffs seek compensatory damages, liquidated damages, statutory penalties, attorneys' fees, equitable, and injunctive relief, for themselves and each of the putative class members. *See* Complaint, p. 19-21, Prayer. Given the nature of the claims (unpaid minimum wages, failure to provide meal and rest breaks, inaccurate wage statements, illegal wage deductions, failure to pay wages at termination, and various related penalties), the fact that Plaintiffs claim there are "hundreds" of current or former drivers in the putative class, and the fact that Plaintiffs seek numerous forms of monetary relief for themselves and those class members for each claim over at least a 4-year period, Defendants reasonably believe the amount in controversy is in excess of the $5,000,000 threshold. Indeed, the *Russell/Abarca* and *Smith* actions were also removed under CAFA and those cases asserted the same claims. The putative class described in the instant complaint is merely a subset of the putative classes in *Russell/Abarca* and *Smith*, where the jurisdictional amount was easily satisfied. Because the putative class here is included in the putative classes described in those cases and all of the claims asserted here are also asserted in those cases, the amounts in controversy in those cases may also be considered here. *See, e.g., Freeman v. Blue Ridge Paper Prods.*, 551 F.3d 405 (6th Cir. 2008) (holding that separate actions filed in state court relating to separate time

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

periods could be aggregated for purposes of satisfying the amount in controversy requirement of the Class Action Fairness Act "where there [was] no colorable basis for dividing up the sought-for retrospective relief . . . other than to frustrate CAFA."); *Proffitt v. Abbott Labs.*, No. 2:08-CV-151, 2008 U.S. Dist. LEXIS 72891, at *5-13 (E.D. Tenn. Sep. 23, 2008) (same).

32. Accordingly, the $5,000,000 jurisdictional amount requirement of the CAFA is easily satisfied.

33. Since the named Plaintiffs and Defendants are diverse and the amount in controversy exceeds the $5,000,000 threshold, this Court has original diversity jurisdiction under the CAFA.

## IX.

## NOTICE TO PLAINTIFF AND STATE COURT

34. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned provided written notice of such filing to Plaintiffs' counsel of record: Grace E. Parasmo and Yitzchak H. Lieberman, Parasmo Lieberman Law, 7400 Hollywood Boulevard #505, Los Angeles, California 90046 and Judith L. Spanier and Nancy Kaboolian, Abbey Spanier LLP, 212 East 29th Street, New York, New York 10016. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

## X.

## CONCLUSION

For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30) days of service on any defendant of a paper providing notice that a basis for removal of this action exists. Defendants respectfully request that the Court remove this civil action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

1 | Central District of California.

2 | Dated: January 20, 2017

4 |                 */s/ Ian T. Maher*
5 | J. KEVIN LILLY
   SCOTT M. LIDMAN
6 | IAN T. MAHER
   LITTLER MENDELSON, P.C.
7 | Attorneys for Defendants
   WERNER ENTERPRISES, INC. and
   DRIVERS MANAGEMENT, LLC

9 | Firmwide:144990586.1 081559.1004

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.