# EXHIBIT A

Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd, #505
Los Angeles, CA 90046
Telephone: 646-509-3913
Facsimile: 877-501-3346

*Attorneys for Plaintiffs Brian Vester
and Joel Morales, individually and on
behalf a class of similarly situated individuals*

(Additional counsel on signature page)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 1 5 2016

BY _____
ANTHONY MARTINEZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

(UNLIMITED JURISDICTION)

BRIAN VESTER, and JOEL MORALES,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

WERNER ENTERPRISES, INC. AND
DRIVERS MANAGEMENT LLC,

Defendants.

CASE NO. _____ CIVDS1621355    BY FAX

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF:

(1) FAILURE TO PAY FOR ALL TIME
WORKED (VIOLATION OF CAL.
LABOR CODE §§ 1194, 1194.2, 226.2)

(2) FAILURE TO PROVIDE MEAL AND
PAID REST PERIODS AND/OR PAY
PREMIUMS (VIOLATION OF CAL.
LABOR CODE §§ 226.7, 512 AND
SECTIONS 11 AND 12 OF IWC
ORDER NO. 9)

(3) FAILURE TO FURNISH COMPLETE
AND ACCURATE ITEMIZED WAGE
STATEMENTS (VIOLATION OF
CAL. LABOR CODE §§ 226, 226.2

(4) ILLEGAL WAGE DEDUCTIONS
(VIOLATION OF CAL. LABOR
CODE §§ 221, 224, 2802 AND IWC
WAGE ORDER NO. 9-2001 § 8.

$1000 – 16/21 9-0 60 3

$435 – 16/21 9-05 97

Plaintiffs' Class Action Complaint

1

(5) **FAILURE TO PAY TERMINATION WAGES (VIOLATION OF CAL. LABOR CODE §§ 201-203)**

(6) **UNFAIR COMPETITION (VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)**

**DEMAND FOR JURY TRIAL**

Plaintiffs' Class Action Complaint

2

Plaintiff Brian Vester ("Plaintiff Vester") and Plaintiff Joel Morales ("Plaintiff
Morales"), ("Plaintiffs") for their Class Action Complaint against Defendants Werner
Enterprises, Inc. and Drivers Management LLC ("Defendants" or "Werner") allege upon
personal knowledge as to themselves and upon information and belief as to all other matters,
based upon the investigation made by and through their attorneys, as follows:

## NATURE OF ACTION

1.      This class action arises out of Defendants' pervasive and repeated failure to pay
truck drivers who work or worked exclusively in the State of California in accordance with
California law.

2.      Plaintiffs bring this action pursuant to numerous provisions of the California
Labor Code and the applicable California wage orders for Defendants' failure to compensate for
all time worked, failure to pay separately and hourly for non-driving activities and rest and
recovery periods, failure to provide duty free meal/rest periods and/or pay premiums, unlawful
wage deductions, failure to furnish complete and accurate itemized wage statements, and failure
to pay all accrued wages upon termination of employment for former employees. These wage
and hour violations also serve as the predicate acts and practices for unfair competition under the
California Business and Professions Code, § 17200, et seq.

3.      Plaintiffs, on their own behalf and on behalf of current and former truck drivers
employed by Defendants who work or worked exclusively in the State of California during the
Class Period, seek unpaid wages, statutory and liquidated damages, penalties, restitution,
reasonable attorneys' fees and costs, interest, and injunctive relief to ensure that the pervasive
pattern of alleged wrongs do not recur unchecked in future years.

## JURISDICTION AND VENUE

4.      Venue is proper in this county under California Code of Civil Procedure §§
395(a) and 395.5. Plaintiffs and class members have or currently perform work for Defendants
in this county, and many of the acts alleged herein occurred in this county. Defendants maintain
and operate a trucking terminal in Fontana, California, which is located in this county. Plaintiffs
and Class Members' trucking routes routinely begin, end, or include a stop at the Fontana

1  terminal. In addition, Plaintiffs and Class members frequently perform non-driving work, such

2  as spending time for safety inspections of their truck at this terminal, without being paid

3  separately and hourly for such work. Each Defendant maintains an agent for service of process

4  in this county.

5      5.      The Court has personal jurisdiction over the Defendants. Defendants are doing

6  business in the State of California and have violated California laws while doing business here.

7  Each Defendant is registered to do business in the State of California and maintains an agent for

8  service of process in California. Defendants have obtained the benefits of the laws of the State of

9  California and its markets.

10      6.      The Court has jurisdiction over the Plaintiffs' claims as they arise solely under

11  California Law. The putative class consists of approximately one hundred (100) current and

12  former employees. Although the precise amount of damages is unknown at this time, the total

13  amount in controversy exceeds twenty-five thousand dollars ($25,000) and is estimated to be less

14  than five million dollars.

15                              **THE PARTIES**

16      7.      Defendant Werner Enterprises, Inc. is a Nebraska corporation engaged in the

17  business of hauling and delivery of freight by truck, including within the County of San

18  Bernardino and throughout the State of California. It maintains and operates a truck terminal at

19  10251 Calabash Avenue, Fontana, California. It also maintains an agent for service of process at

20  that address.

21      8.      Defendant Drivers Management, LLC is a wholly owned subsidiary company of

22  Werner Enterprises, Inc.

23      9.      Defendants are liable as joint employers of Plaintiffs and Class Members. Werner

24  Enterprises, Inc. exercises control over Drivers Management, LLCs' operations and its

25  implementation of the labor policies and practices affecting Plaintiffs and the Class Members.

26  Defendants have a common address, common ownership, and common financial controls such

27  that they are jointly liable to Plaintiffs and Class Members for unpaid wages and other violations

28  of the California Labor Laws as alleged herein. Plaintiffs refer to Defendants collectively as

4

1   "Werner" or "Defendants."

2       10.     Plaintiff Brian Vester is a California resident who was employed as a truck driver

3   by Defendants during approximately June or July 2007 through August 2013. During the Class

4   Period, he was assigned to dedicated accounts and worked exclusively within the State of

5   California.

6       11.     Plaintiff Joel Morales is a California resident who is currently employed as a

7   truck driver by Defendants. He began his employment in April 2007. During the Class Period,

8   he was assigned to dedicated accounts and worked exclusively within the State of California.

9                          **CLASS ACTION ALLEGATIONS**

10      12.     Plaintiffs bring this action as a class action pursuant to California Civil Code of

11  Procedure § 382 on behalf of a class (the "Class"), consisting of the following:  all current and

12  former employees of Defendants who work or worked for Defendants as truck drivers

13  exclusively in the State of California throughout the period of December 15, 2012 through the

14  date that the Court certifies the Class (the "Class Period").

15      13.     The members of the Class are so numerous that joinder of all members is

16  impractical. While the exact number of class members is unknown at this time and can only be

17  obtained through appropriate discovery, Plaintiffs believe there are approximately hundreds of

18  class members, including current and former employees. Class Members can be identified

19  through Defendants' payroll and other records maintained by the Defendants to track drivers'

20  routes, activities, and GPS locations.

21      14.     Plaintiffs' claims are typical of the claims of the other members of the Class as

22  Plaintiffs and all other members of the Class sustained damages arising out of Defendants'

23  unlawful conduct as complained of herein.

24      15.     Plaintiffs will fairly and adequately protect the interests of the members of the

25  Class and have retained counsel competent and experienced in complex class action litigation.

26  The Class Members work, or have worked, for Defendants as truck drivers and performed work

27  for Defendants exclusively within the borders of the State of California. Therefore, they enjoy

28

5

1  the same legal rights and protections as Plaintiffs and have sustained similar types of damages as

2  a result of Defendants' failure to comply with California law.

3      16.    Plaintiffs have no interests that are contrary to or in conflict with those of the

4  other members of the Class.

5      17.    Plaintiffs know of no difficulty that will be encountered in the management of this

6  litigation that would preclude its maintenance as a class action.

7      18.    Common questions of law and fact exist as to all members of the Class, and

8  predominate over any questions solely affecting individual members of the Class. Among the

9  numerous questions of law and fact common to Plaintiffs and the Class are:

10       a.   Whether Defendants' compensation system violates Cal. Labor Code, §§ 1194,

11           1194.2 and 226.2 of the Labor Code by failing to pay Plaintiffs and Class

12           Members separately and hourly for their time spent on their statutory rest and

13           recovery periods and performing non-driving activities;

14       b.   Whether Defendants have a policy and practice of failing to provide off duty meal

15           and rest periods in violation of Cal. Labor Code, §§ 226.7, 512 and IWC Wage

16           Order No. 9-2001, §§ 11 and 12;

17       c.   Whether Defendants had a policy and practice of failing to pay one hour of

18           premium pay to Plaintiffs and Class Members for each rest break and/or meal

19           period not provided during the Class Period;

20       d.   Whether Defendants' system of compensating Plaintiffs and Class Members

21           based on estimated mileage violates California labor laws requiring that

22           employees are paid for all time worked;

23       e.   Whether Defendants' itemized wage statements are inaccurate and omit

24           information required under Cal. Labor Code §§ 226 and 226.2;

25       f.   Whether Defendants' policy and practice of charging Plaintiffs and Class

26           Members transaction fees to process reimbursements of business-related expenses

27           violates Cal. Labor Code §§ 221, 224 and IWC Wage Order No. 9-2001, § 8;

28       g.   Whether Defendants are liable to Plaintiff Vester and Class Members for

Plaintiffs' Class Action Complaint

1        termination/waiting time penalties under Cal. Labor Code §§ 201-203;

2        h.  Whether Defendants knowingly and willfully violated various provisions of the

3            California Labor Code entitling Plaintiffs and Class Members to recover statutory

4            and liquidated damages and penalties; and

5        i.  Whether the complained-of wage and hour practices of Defendants constitute

6            unfair business practices in violation of section 17200 of the California Business

7            and Professions Code.

8    19.    Class action treatment is superior to any alternative to ensure the fair and efficient

9 adjudication of the controversy alleged herein. Class action treatment will permit a large number

10 of similarly situated persons to prosecute their common claims in a single forum simultaneously,

11 efficiently, and without duplication of effort and expense that numerous individuals would entail.

12 As a practical matter, absent a class action, there will be no individual lawsuits to recover the

13 wages due to Plaintiffs and the Class because the amounts due and owing to each class member

14 are too small to warrant the filing of individual litigation. Moreover, Class members would be

15 reluctant to file individual claims for fear of retaliation. No difficulties are likely to be

16 encountered in the management of this class action that would preclude its maintenance as a

17 class action, and no superior alternative exists for the fair and efficient adjudication of this

18 controversy.

19    20.    Prosecuting separate or individual actions would unnecessarily tax the Court's

20 resources, as well as those of Defendants and individual Class Members. Moreover, prosecuting

21 separate or individual actions could potentially subject individual class members to retaliation, or

22 the fear of retaliation could prevent class members from bringing suit on an individual basis.

23 Without a class action, Defendant will likely retain the benefit of its wrongdoing and will

24 continue a course of action that will result in further harm to Plaintiffs and the members of the

25 Class.

26    21.    Defendants' actions are generally applicable to the entire Class. Prosecution of

27 separate actions by individual members of the Class creates the risk of inconsistent or varying

28 adjudications of the issues presented herein, which, in turn, would establish incompatible

7

Plaintiffs' Class Action Complaint

standards of conduct for Defendants.

22.     Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class may not be sufficient to enable them to maintain separate suits against Defendants.

**FACTUAL ALLEGATIONS**

**A.     Defendants' Trucking Operations in California**

23.     Defendants own and operate a trucking company that transports freight throughout the nation. Defendants' trucking operations are predominantly conducted across state lines. However, a portion of Defendants' trucking operations is conducted exclusively within the borders of the State of California.

24.     Defendants' dedicated operations, for example, transport haul freight for a specific and dedicated customer. The area of operation (including routes, pick-up, and drop-off locations) for some of these "dedicated accounts" is confined to the State of California.

25.     An example of such an account is the Naked Juice account, to which Plaintiffs Vester and Plaintiff Morales were assigned. Plaintiffs, like the other truck drivers assigned to this account transported juice between various locations with the State of California. By virtue of their assignment to this account, they performed and continue to perform all of their work for Defendants (driving and non-driving) within the State of California.

26.     Plaintiffs believe that, throughout the Class Period, there are other "dedicated accounts" in which Defendants' truck drivers work exclusively within State of California.

**B.     Defendants Fail to Pay Truck Drivers Who Work Exclusively
in California According to California Labor Laws**

27.     Plaintiffs and Class members are current and former employees who, during the Class Period, work or worked for Defendants as truck drivers assigned to California-specific operations where all work (driving and non-driving) is performed exclusively within the State of California.

Plaintiffs' Class Action Complaint

1      28.    Throughout the Class Period, Defendants uniformly compensated Plaintiffs and

2  Class Members on a "cents per-mile," piece-rate basis.

3      29.    Defendants also provided limited supplemental pay that was also earned on

4  piece-rate basis, for example, based on miles driven or the number of stops made on a trip.

5      30.    As a result of its uniform and class-wide piece-rate compensation system,

6  Defendants had a policy and practice of systematically failing to provide separate hourly pay for

7  time spent by Plaintiffs and Class Members on rest and recovery periods and performing other

8  non-driving activities, including but not limited to: waiting time, cleaning or maintaining their

9  trucks, detention time, fueling, safety inspections, moving trailers, mandatory computer-based

10 learning, safety training, work-related paperwork, and a host of other activities that were built-in

11 to their jobs.

12     31.    In or about 2015, Defendants began to pay Plaintiff Morales and members of the

13 Class a flat per diem rate in addition to their mileage pay, regardless of the number of hours

14 worked in a day. Such additional compensation is another form of piece rate pay and likewise

15 failed to satisfy the employer's duty to authorize and pay for rest and recovery periods separately

16 and hourly. *See Shook v. Indian River Transp. Co.*, 72 F. Supp. 3d 1119 (E.D. Cal. 2014).

17     32.    As a result of Defendants' piece-rate compensation system, Defendants

18 intentionally and willfully failed to provide Plaintiffs and Class Members with complete and

19 accurate itemized wage statements as required under Cal. Labor Code, § 226.2. Defendants'

20 wage statements omit the following information required by § 226.2: (i) the total hours of

21 compensable rest and recovery periods; (ii) the rate of compensation for those periods; (iii) the

22 gross wages paid for those rest and recovery periods during the pay period; (iv) the total hours of

23 other nonproductive time; (v) the rate of compensation for that time; and (vi) the gross wages

24 paid for that time during the pay period. *See* Cal. Labor Code 226.2.

25     33.    Plaintiffs and Class Members have suffered injury as a direct result of

26 Defendants' inaccurate and incomplete wage statements. Plaintiffs and Class Members cannot

27 promptly and easily determine, *from the wage statement alone*, their hourly rates and wages

28

9

Plaintiffs' Class Action Complaint

1    owed for time spent on non-driving activities and for rest and recovery periods as well as

2    premiums owed for failure to provide the requisite number of meal and rest periods.

3          34.      During the Class Period, Plaintiffs and Class Members typically work or worked

4    between twelve and fourteen hours per day.

5          35.      Under California law, Plaintiffs and Class Members were entitled to one off-duty

6    thirty-minute meal period after no more than five hours of work during shifts greater than six

7    hours and a second thirty-minute meal period after no more than ten hours of work during shifts

8    greater than twelve hours. Cal. Wage Order 9-2001, ¶ 11. Defendants were also required to

9    authorize and permit Plaintiffs and Class Members to take a paid rest period of at least ten

10   minutes for every four hours, or major fraction thereof, of work. Cal. Wage Order 9-2001, ¶ 12.

11         36.      Defendants' electronic computer systems installed into the trucks automatically

12   remind drivers to take a break after seven and a half hours of driving time and log the driver off

13   the system at or before the eighth hour of driving. However, despite having the ability to do so,

14   Defendants do not attempt to schedule meal and rest breaks for Plaintiffs and Class Members at

15   the shorter time intervals required by California law.

16         37.      Defendants' policy and practice was such that any breaks that were taken were

17   not off-duty breaks, *i.e*, breaks where the employer relinquished control over the employees and

18   the employees were relieved of all duties. Plaintiffs and Class Members were not permitted to

19   leave vehicles unattended for security reasons, except during restroom use. They were instructed

20   to keep eye contact with the vehicle at all times, even while eating. Defendants retained the right

21   to deduct driver pay for losses to the company resulting from failure to comply with security

22   policies. Therefore, given that Defendants never relinquished control and the employees were

23   never relieved of all duties while on assignment, Plaintiffs and Class Members' breaks were not

24   "off-duty breaks" as required by California law.

25         38.      Defendants had a policy and practice of failing to provide Plaintiffs and Class

26   Members with off-duty meal and rest periods to which they were entitled under California law.

27   In addition, Defendants failed to pay premium wages owed for failure to provide meal and rest

28   breaks.

10

39. During the Class Period, Defendants also failed to compensate Plaintiffs and Class members for all driving activities. Defendants compensated Plaintiffs and Class Members based on estimated mileage of the shortest distance between two destinations in the State of California. As a result, Plaintiffs and Class Members are routinely uncompensated for actual miles beyond the estimated miles they drove to reach a destination. In addition, Defendants frequently failed to compensate Plaintiffs and Class members for other driving activities, including time spent driving empty trailers and time spent making multiple stops (extra pick-ups and drop-offs) on the way to a destination.

40. During the Class Period, Defendants had a policy and practice of making illegal deductions from Plaintiffs and Class Members' accrued wages. Defendants deducted transaction fees directly from Plaintiffs and Class Members' accrued wages to process the reimbursement for monies expended by Plaintiffs and Class Members for business-related purposes.

41. For example, Plaintiffs and Class Members lumper fees (i.e., fees for loading and unloading services), which are expenses necessarily and reasonably incurred in the course of their work. In order to process a reimbursement of this and other similar business expenses, Defendants deducted a $4.00 transaction fee directly from Plaintiffs and Class Members' accrued wages. Defendants did not obtain written authorization to collect such transaction fees.

42. Based on the above-described conduct, Defendants have engaged in unfair competition for purposes of California's Unfair Competition Law, Section 17200, et seq. of the Business and Professions Code.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Labor Code §§ 1194, 1194.2, 221, 223, 226.2**
**and Applicable IWC Wage Orders**
**Failure to Pay for All Time Worked**
**(On Behalf of Plaintiffs and the Class)**

43. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

44. The actionable period for this cause of action is three years prior to the filing of this Complaint through the date of an order certifying the Class.

11

Plaintiffs' Class Action Complaint

45. Cal. Labor Code, §1194 provides, in relevant part, that "any employee receiving less than the legal minimum wage...is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage...including interest thereon, reasonable attorney's fees, and costs of suit."

46. Cal. Labor Code, § 226.2(a) provides in pertinent part:
> For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period: (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

47. Cal. Labor Code, §§ 226.2(a) (3) (A) further provides that "[e]mployees shall be compensated for rest and recovery periods at a regular hourly rate that is no less than the higher of:

    (i)    An average hourly rate determined by dividing the total compensation for the workweek, exclusive of compensation for rest and recovery periods and any premium compensation for overtime, by the total hours worked during the workweek, exclusive of rest and recovery periods.

    (ii)    The applicable minimum wage.

48. During the Class Period, Plaintiffs and Class Members were paid on a piece-rate basis and were not paid separately and hourly for statutory rest and recovery periods and for time spent performing other non-driving activities. They did not receive the higher of their average hourly rates or minimum wages for rest and recovery periods. They also did not receive at least the California statutory minimum wage for time spent performing non-driving activities.

49. During the Class Period, Defendants also failed to compensate Plaintiffs and Class Members for all driving time as Defendants had a common policy and practice of compensating Plaintiffs and Class Members based on estimated, instead of actual, mileage. As a result, Plaintiffs and Class Members were uncompensated for time spent driving additional miles beyond the estimated miles to reach a destination.

50. Defendants also habitually failed to compensate Plaintiffs and Class members for other driving activities, such as time spent driving empty trailers and time spent making multiple stops (such as extra pick-ups and drop-offs) on the way to a destination.

51. As a result of these common policies and practices, Plaintiffs and Class members

12

Plaintiffs' Class Action Complaint

1   were not compensated for all time worked (at either minimum wage or their actual rates of pay).

2       52.     Defendants' consistent and repeated failure to compensate Plaintiffs and Class

3   Members for all time worked lacked good faith. Because Plaintiffs and Class Members are

4   employees who reside in and work exclusively within the State of California, they must be paid

5   in accordance with California law, as opposed to the law of another state.  Further, *Bluford v.*

6   *Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 86 and its progeny, as well as its codification in

7   Cal. Labor Code 226.2, put Defendants on sufficient notice that truck drivers paid on a piece-rate

8   basis are entitled to be paid separately and hourly for rest and recovery periods and non-driving

9   activities.  Therefore, Defendants' knowingly and willfully violated the California Labor Code in

10  failing to pay Plaintiffs and Class Members for all time worked.

11      53.     Pursuant to Cal. Labor Code, §§ 1194, 1194.2, 226.2 and 218 of the California

12  Labor Code, Plaintiffs, on behalf of themselves and members of the Class, seek their unpaid

13  wages, plus liquidated damages in an amount equal to the wages unlawfully unpaid, interest, and

14  reasonable attorneys' fees and costs as well as injunctive relief.

15  

**SECOND CAUSE OF ACTION**
16  **VIOLATION OF CAL. LABOR CODE §§ 226.7, 512;**
    **IWC WAGE ORDER NO. 9-2001, §§ 11, 12;**
17  **Failure to Provide Meal Periods and Paid Rest Periods**
    **and/or to Pay Premiums**
18  **(On behalf of Plaintiffs and the Class)**

19      54.     Plaintiffs re-allege and incorporate by reference each and every allegation set

20  forth in the preceding paragraphs.

21      55.     The actionable period for this cause of action is three years prior to the filing of

22  this Complaint through the date of an order certifying the Class.

23      56.     California Labor Code § 226.7(a) provides, "No employer shall require any

24  employee to work during any meal or rest period mandated by an applicable order of the

25  Industrial Welfare Commission."

26      57.     IWC Wage Order No. 9-2001, § 11 provides, in pertinent parts:

27          (A) No employer shall employ any person for a work period of more than
28          five (5) hours without a meal period of not less than 30 minutes...

13

Plaintiffs' Class Action Complaint

1       (B) An employer may not employ an employee for a work period of more

2       than ten (10) hours per day without providing the employee with a second
        meal period of not less than 30 minutes, except that if the total hours

3       worked is no more than 12 hours, the second meal period may be waived
        by mutual consent of the employer and the employee only if the first meal

4       period was not waived… .

5
        (D) If an employer fails to provide an employee a meal period in
6       accordance with the applicable provisions of this order, the employer shall
        pay the employee one (1) hour of pay at the employee's regular rate of
7       compensation for each workday that the meal period is not provided.

8       58.    IWC Wage Order No. 9-2001, § 11 provides, in pertinent parts:

9

10      (A) Every employer shall authorize and permit all employees to take rest
        periods, which insofar as practicable shall be in the middle of each work
11      period. The authorized rest period time shall be based on the total hours

12      worked daily at the rate of ten (10) minutes net rest time per four (4) hours
        or major fraction thereof. However, a rest period need not be authorized

13      for employees whose total daily work time is less than three and one-half
        (3 1/2) hours. Authorized rest period time shall be counted as hours

14      worked for which there shall be no deduction from wages.

15
        (B) If an employer fails to provide an employee a rest period in
16      accordance with the applicable provisions of this order, the employer shall
        pay the employee one (1) hour of pay at the employee's regular rate of
17      compensation for each workday that the rest period is not provided.

18      59.    Plaintiffs and Class Members typically worked twelve to fourteen hours per day.

19  Defendants had a policy and practice of failing to provide them with their statutorily required

20  off-duty rest and meal periods.

21      60.    Plaintiffs and the Class seek recovery of premium hours for missed meal and rest

22  periods (plus statutory penalties under the IWC Wage Order 9-2001, § 20 in the amount of one

23  additional hour of pay at the employee's regular rate of compensation for each work period

24  during each day in which Defendants failed to provide Plaintiffs and Class Members with meal

25  and rest breaks as required by California law.

26      61.    Plaintiffs also seek injunctive relief to stop Defendants from continuing to fail to

27  provide meal and rest breaks and any other relief the Court deems proper.

28

Plaintiffs' Class Action Complaint

**THIRD CAUSE OF ACTION**
**Violation of Cal. Labor Code §§ 226, 226.2**
**Failure to Furnish Complete and Accurate Itemized Wage Statements**
**On Behalf of Plaintiffs and the Class**

62.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.     The actionable period for this cause of action is one year prior to the filing of this Complaint through the date of an order certifying the Class.

64.     Cal. Labor Code, § 226(a) of the California Labor Code provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee.

65.     Cal. Labor Code, § 226.2 further provides that the itemized statement required by § 226(a) must also separately state the total hours of compensable rest periods, the rate of compensation for such periods, and the gross wages paid for those rest periods each pay period. Cal Labor Code, § 226.2(a)(2). Section 226.2(a)(2)(B) further requires that the wage statements include the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time period.

66.     Section 226(e) provides that an employee is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

67.     As set forth above, Defendants knowingly and willfully furnished Plaintiffs and Class Members inaccurate and incomplete itemized wage statements. Defendants' itemized

15

1    wage statements omitted the following information required by Cal. Labor Code 226.2: (i) the

2    total hours of compensable rest and recovery periods; (ii) the rate of compensation for those

3    periods; (iii) the gross wages paid for those rest and recovery periods during the pay period; (iv)

4    the total hours of other nonproductive time; (v) the rate of compensation for that time; and (vi)

5    the gross wages paid for that time during the pay period. *See* Cal. Labor Code 226.2.

6         68.    Plaintiffs and Class Members have suffered injury under Cal. Labor Code §

7    226(e)(2)(B) as a direct result of Defendants' common practice of providing inaccurate and

8    incomplete wage statements. Plaintiffs and Class Members cannot promptly and easily

9    determine, from the wage statement alone, their hourly rates and wages owed for time spent on

10   non-driving activities and for rest and recovery periods as well as premiums owed for failure to

11   provide the requisite number of meal and rest periods.

12        69.    Plaintiffs, on behalf of themselves and Class Members, seek to recover an initial

13   penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate

14   penalty of $4000 for each of them, from Defendants pursuant to section 226(e)(1) of the

15   California Labor Code. They further seek injunctive relief to ensure compliance with section

16   226 and an award of costs and reasonable attorneys' fees.

17                        **FOURTH CAUSE OF ACTION**
18                        **Illegal Wage Deductions**
     **[Cal. Labor Code §§ 221, 224, 2802 and IWC Wage Order No. 9 § 8.]**
19                   **On behalf of Plaintiffs and the Class**

20        70.    Plaintiffs re-allege and incorporate by reference each and every allegation set

21   forth in the preceding paragraphs.

22        71.    Cal. Labor Code §§ 221 and 224 and IWC Wage Order §§ 8 prohibit an employer

23   from making a deduction from an employees' wages or require any reimbursement from an

24   employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the

25   shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of

26   the employee.

27        72.    Cal. Labor Code § 2802(a) provides that "[a]n employer shall indemnify his or

28   her employee for all necessary expenditures or losses incurred by the employee in direct

                                        16

Plaintiffs' Class Action Complaint

1  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

2  the employer, even though unlawful, unless the employee, at the time of obeying the directions,

3  believed them to be unlawful.

4       73.    As alleged in paragraphs 40 through 41, above, Defendants have a policy and

5  practice of charging Plaintiffs and Class Members transaction fees to process reimbursements for

6  business expenses they reasonably and necessarily incurred in the course of completing their job

7  duties. Defendants, without written authorization, deduct such fees from Plaintiffs and Class

8  Members' accrued wages. This class-wide policy and practice violates Cal. Labor Code §§ 221,

9  224, 2802 and IWC Wage Order No. 9-2001 § 8.

10       74.    Plaintiffs, on behalf of themselves and members of the Class, seek reimbursement

11  for such wage deductions, plus interest, statutory damages, penalties, reasonable attorneys' fees

12  and costs, recoverable under the California Labor Code as well as injunctive relief to stop

13  Defendants' practice of charging fees for reimbursement of business expenses.

14
15
16
17

**FIFTH CAUSE OF ACTION**
**Failure to Pay Compensation and Meal/Rest Premiums Due Upon**
**Termination/Waiting Time Penalties Due**
**[Cal. Labor Code §§ 201-203]**
**On behalf of Plaintiffs and the Class**

18       75.    Plaintiffs re-allege and incorporate by reference each and every allegation set

19  forth in the preceding paragraphs.

20       76.    The actionable period for this cause of action is three years prior to the filing of

21  this Complaint through the date of an order certifying the Class.

22       77.    California Labor Code § 203 provides that if an employer willfully fails to pay

23  compensation promptly upon discharge or resignation, as required by Sections 201 and 202, the

24  employer is liable for waiting time penalties in the form of continued compensation up to thirty

25  workdays.

26       78.    Defendants willfully failed to pay Plaintiffs and the Class Members who are no

27  longer employed by Defendants compensation due upon termination including: (i) compensation

28  for all driving time; (ii) compensation for time spent performing non-driving activities and on

Plaintiffs' Class Action Complaint

1  rest and recovery periods; (iii) premiums for failure to provide meal and rest breaks; and

2  compensation for illegal wage deductions, as alleged above, as required by California Labor

3  Code §§ 201 and 202.

4      79.    As a result, Defendants are liable to Plaintiffs and Class Members who are no

5  longer employed by Defendants for waiting time penalties under California Labor Code § 203,

6  plus reasonable attorneys' fees and costs, and any other statutory or equitable relief the Court

7  deems proper.

8  
## SIXTH CAUSE OF ACTION
### Unfair Business Practices and Unfair Competition
### [Cal. Bus. & Prof. Code §§ 17200 et seq.]
### On behalf of Plaintiffs and the Class

9  

10  

11      80.    Plaintiffs re-allege and incorporate by reference each and every allegation set

12  forth in the preceding paragraphs.

13      81.    The actionable period for this cause of action is four years prior to the filing of

14  this Complaint through the date of an order certifying the Class.

15      82.    Section 17200 of the California Business and Professions Code, § 17200 prohibits

16  unlawful, unfair, or fraudulent business practices.

17      83.    Defendants have engaged in unlawful and unfair acts and/or practices within the

18  meaning of California Business & Professions Code, section 17200, et seq.

19      84.    Defendants' wage and hour policies and practices are "unlawful" business acts

20  and practices because they violate the Cal. Labor Code, Sections §§ 201-203, 221, 222, 224,

21  226.2, 226.7, 512, 1194, 1194.2, and 2802, the IWC Wage Order No. 9-2001 as alleged herein.

22      85.    Defendants' conduct offends California public policy tethered to the Cal. Labor

23  Code § 90.5(a), which states: "[i]t is the policy of this state to vigorously enforce minimum

24  labor standards in order to ensure employees are not required or permitted to work under

25  substandard unlawful conditions or for employers that have not secured the payment of

26  compensation, and to protect employers who comply with the law from those who attempt to

27  gain a competitive advantage at the expense of their workers by failing to comply with minimum

28  labor standards."

18

Plaintiffs' Class Action Complaint

86.     Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business and Professions Code, because Defendant's conduct has violated state wage and hour laws as herein described.

87.     Defendants' conduct as herein alleged has damaged Plaintiffs and the Class members by wrongfully denying them accrued wages, making improper deductions from their pay, and failing to provide them with meal and rest periods or premium pay in lieu thereof and therefore was substantially injurious to Plaintiff and the Class members.

88.     The harm to Plaintiff and members of the Class members as a result of Defendants' wage and hour violations outweighs the utility, if any, of Defendants' policies and practices. Therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of section 17200 of the California Business and Professions Code.

89.     Plaintiffs bring this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiffs and Class Members are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

## JURY DEMAND

1.     Plaintiffs hereby demand trial by jury of their and the claims of the putative class members against Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the Class Members, pray for judgment against Defendants as follows:

A.     Certification of Plaintiffs' claims as a class action pursuant to Cal. Code of Civ. Pro. § 382, on behalf of the proposed Class;

B.     Class notice to all members of the proposed Class;

C.     On the First Cause of Action:

i.     A declaratory judgment that Defendants violated sections 1194, 1194.2 226.2 of the California Labor Code by failing to pay Plaintiffs and other members of the Class

19

Plaintiffs' Class Action Complaint

1   hourly wages for their time spent on statutory rest and recover periods (at their regular rate of

2   pay) and other non-driving activities (at least minimum wage) and for all time spent performing

3   driving activities during the Class Period;

4           ii.        An award to Plaintiffs and other members of the Class in the amount of

5   their unpaid wages, plus liquidated damages in an additional amount equal to the amount wages

6   unlawfully withheld during the Class Period, as well as an award interest and reasonable

7   attorney's fees and costs.

8       D.      On the Second Cause of Action:

9           i.        A declaratory judgment that Defendants' policies and practices violate

10  California Labor Code §§ 226.7, 512 and IWC Wage Order No. 9-2001, §§ 11 and 12 failing to

11  provide meal and paid rest breaks for members of the Class during the Class Period;

12          ii.        Pursuant to Cal. Labor Code § 226.7, an award to Plaintiffs and the Class

13  Members for an additional hour of pay at the employee's regular rate of compensation for each

14  day that a meal or paid rest break was not provided during the Class Period;

15          iii.       An award to Plaintiff and the Class of their attorneys' fees and costs of

16  suit to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure, §§

17  1021.5;

18      E.      On the Third Cause of Action:

19          i.        A declaratory judgment that Defendants violated Cal. Labor Code, §§ 226

20  and 226.2 by issuing inaccurate and incomplete wage statements to Class Members; and

21          ii.        An award to Class members of $50 for each initial pay period in which a

22  violation of Section 226 occurred and $100 for each subsequent pay period in which a violation

23  of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award

24  of reasonable attorney's fees and costs.

25      F.      On the Fourth Cause of Action:

26          i.        A declaratory judgment that Defendants violated Cal. Labor Code, §§ 221,

27  224, 2802 226 and IWC Wage Order No. 9-2001 § 8 by making improper deductions from

28  Plaintiffs and Class Members' wages; and

20

Plaintiffs' Class Action Complaint

1          ii.     An award of damages and/or restitution to Plaintiffs and Class Members

2    for these deductions plus interest, as well as an award of reasonable attorney's fees and costs.

3        G.    On the Fifth Cause of Action:

4          i.     A declaratory judgment that Defendants violated Cal. Labor Code, §§ 201-

5    203 for failure to pay termination wages.

6          ii.     An award of waiting time penalties to Plaintiff Vester and class members

7    who are no longer employed by Defendants in the form of continued compensation up to thirty

8    workdays after the date of discharge or termination of employment.

9        H.    On the Sixth Cause of Action:

10         i.     Restitution to the Plaintiffs and Class, including, but not limited to, the

11   relief permitted by section 1194 of the California Labor Code (i.e., pay for statutory rest breaks,

12   and non-driving tasks to Plaintiff and the members of the Class During the Class Period; and the

13   relief allowed by Labor Code section 226.7 for premium payments due for each day that a paid

14   rest period was not authorized to Plaintiff and the Class during the Class Period);

15         ii.     An award to Plaintiff and the Class of their attorneys' fees and costs of

16   suit to the extent permitted by law, including, but not limited to, Cal. Labor Code, §§ 1194 and

17   Cal. Code of Civil Procedure, §§ 1021.5; and

18       I.    Injunctive Relief in the form of an Order from the Court requiring Defendants to

19   cease the complained-of wage and hour policies and practices and further requiring Defendants

20   to issue new itemized wage statements that comply with the California Labor Code; and

21       J.    All other relief as this Court deems proper.

22   

23   Dated: December 15, 2016         PARASMO LIEBERMAN LAW

24                            By: _Grace E. Parasmo_

25                            Grace E. Parasmo (SBN 308993)
                         gparasmo@parasmoliebermanlaw.com

26                            Yitzchak H. Lieberman (SBN 277678)
                         ylieberman@parasmoliebermanlaw.com

27                            PARASMO LIEBERMAN LAW
                         7400 Hollywood Blvd, #505

28                            Los Angeles, CA 90046

21

Telephone: (844) 200-5623
Facsimile: (877) 501-3346

Judith L. Spanier (pro hac vice to be filed)
jspanier@abbeyspanier.com
Nancy Kaboolian (pro hac vice to be filed)
nkaboolian@abbeyspanier.com
ABBEY SPANIER LLP
212 East 29th Street
New York, NY 10016
Telephone: (212) 889-3700
Facsimile: (212) 684-5191

Plaintiffs' Class Action Complaint