IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated; ALFREDO ALESNAJR., individually and on behalf of all those similarly situated; DAVID CAGLE, individually and on behalf of all those similarly situated; STEPHEN L. DAVIS, individually and on behalf of all those similarly situated; FRANK EADS, individually and on behalf of all those similarly situated; and KENNETH J. SURMAN, individually and on behalf of all those similarly situated;<br><br>    Plaintiffs,<br><br> vs.<br><br>WERNER ENTERPRISES, INC., DOES 1-100, inclusive; and DRIVERS MANAGEMENT, LLC,<br><br>    Defendants.<br>_____ | **8:14CV319**<br><br>Lead Case |
| WILLIAM SMITH, on behalf of himself, all others similarly situated, and on behalf of the general public;<br><br>    Plaintiff,<br><br> vs.<br><br>WERNER ENTERPRISES, INC., a corporation; and DOES 1-100, inclusive;<br><br>    Defendants.<br>_____ | **8:15CV287**<br><br>Member Case |

| | |
|---|---|
| BRIAN VESTER, individually and on behalf of all others similarly situated; and JOEL MORALES, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC,<br><br>Defendants. | 8:17CV145<br><br>Member Case<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the defendants' motions to certify a question to the Nebraska Supreme Court, Filing No. 218 in 8:14cv319; Filing No. 125 in 8:15cv287; and Filing No. 90 in 8:17cv145. These actions have been consolidated and certified as a class action under Fed. R. Civ. P. 23. The plaintiffs allege that Werner Enterprises, Inc. and its wholly owned subsidiary, Drivers Management, LLC (collectively, "Werner") has uniform policies and practices that violate various wage and hour laws of California and Nebraska. Plaintiffs allege that "Werner has expressly agreed [Nebraska law] would apply to truck driver employment" and allege Werner violates the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq.*, by paying less than the minimum wage and the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. § 48-1228 *et seq.* by failing to timely pay earned wages, failing to provide

2

accurate itemized pay statements, and making improper wage deductions.

Werner requests an order certifying the following question to the Nebraska Supreme Court:

> Does Nebraska follow the *Klinghoffer* rule adopted by the Eighth Circuit, which provides that a violation of minimum wage laws does not occur if the employee's weekly pay equals the total weekly hours worked multiplied by the applicable minimum wage?

Filing No. 219, Brief at 2. Werner argues that the determination of the key liability issue—whether Werner's classwide policy of paying drivers based on miles driven fails to compensate drivers for time spent performing non-driving work duties violates California or Nebraska law—turns on whether Nebraska follows the *Klinghoffer* rule applied by the Eighth Circuit Court of Appeals to FLSA actions. *See Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986) (endorsing the *Klinghoffer* rule); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960). Under the *Klinghoffer* rule, an employee receives minimum wage as long as his weekly pay equals the total weekly hours worked, multiplied by the applicable minimum wage. *Hensley*, 786 F.2d at 357; *see also Klinghoffer Bros. Realty Corp.*, 285 F.2d at 490.

Werner contends that Nebraska courts have not provided any guidance on whether Nebraska would follow the *Klinghoffer* rule. It argues that the issue is of substantial public interest and merits certification to Nebraska's highest court because the rights of thousands of class members and a major Nebraska-based employer will be affected by the answer.

3

The plaintiffs oppose certifying a question.  The plaintiffs contend that *Klinghoffer* is inapposite because it interprets the Federal Fair Labor Standards Act ("FLSA"), which is not at issue in this case.  They also argue that the FLSA explicitly provides that state laws may provide more robust protections for workers.  See 29 U.S.C. § 218(a).  Further, they argue that certification is not appropriate because the Nebraska Supreme Court decision would not be dispositive of the Class's claims and they contend there is sufficient authority for this Court to determine the issue without further guidance from the Nebraska Supreme Court.  They propose, however, that if certification is granted, a more accurate question to be certified would be:

> Does the Nebraska Wage and Hour Act, Neb. Rev. Stat. § 48-1203(1), require employees to be paid at least the minimum wage for all work time, rather than permitting employers to comply by averaging paid with unpaid time over the course of a workweek?

Filing No. 225, Brief at 3.

I.   LAW

Under Neb. Rev. Stat. § 24-219, the Nebraska Supreme Court "may answer certified questions when (1) a proceeding before the federal certifying court involves a question of state law which may be determinative of the pending cause and (2) the certifying court believes that there is no controlling precedent in the state." *Keller v. City of Fremont*, 790 N.W.2d 711, 712 (Neb. 2010).  "Determinative of the cause" has been read not as meaning that the answer entirely disposes of the federal case, but rather, that the answer to a pretrial certified question will materially advance the ultimate termination of the federal litigation.  *Id.* at 715.

Whether to certify a question of state law "is a matter addressed to the discretion of the district court." *Packett v. Stenberg*, 969 F.2d 721, 726 (8th Cir. 1992). It is "manifestly inappropriate to certify a question in a case where . . . there is no uncertain question of state law whose resolution might affect the pending federal claim." *City of Houston v. Hill*, 482 U.S. 451, 471 (1987); *see Keller*, 790 N.W.2d at 712; *Hatfield, by Hatfield v. Bishop Clarkson Mem'l Hosp.*, 701 F.2d 1266, 1267 (8th Cir. 1983) (an issue is appropriate for certification where the court finds no state law precedent on point and where the public policy aims are conflicting).

The *Klinghoffer* rule states that under the FLSA, no violation occurs "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *See Klinghoffer,* 285 F.2d at 490. The United States Court of Appeals for the Eighth Circuit has applied the *Klinghoffer* rule to the FLSA's minimum wage provision. *See Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986). However, Nebraska state courts have not addressed the issue. *But see Petrone v. Werner Enters., Inc.*, 121 F. Supp. 3d 860, 872 (D. Neb. 2015), *on reconsideration in part*, No. 8:11CV401, 2016 WL 1559571 (D. Neb. Apr. 18, 2016), *and amended*, No. 8:11CV401, 2017 WL 510884 (D. Neb. Feb. 2, 2017).[1] Also, in more recent cases, *Klinghoffer* has

---

[1] In 2015, the *Petrone* court entered summary judgment in the plaintiffs' favor on a claim under the FLSA and Nebraska Wage Act for compensation for sleeper berth time in excess of eight hours per day. *Petrone*, 121 F.Supp.3d at 872 (D. Neb. 2015) (Strom, J.) ("Petrone I"). The district court then certified its holding for an interlocutory appeal to the Eighth Circuit, but the Eighth Circuit denied the petition and the case was remanded for a trial on damages. After a new judge was assigned to the case, Werner filed a motion for reconsideration, asking the court to reverse the earlier summary judgment in favor of plaintiffs and instead hold that Werner was entitled to judgment as a matter of law on the sleeper-berth claims.

5

been criticized. See *Norceide v. Cambridge Health Alliance*, 814 F. Supp. 2d 17, 23 (D. Mass. 2011) (holding that "the *Klinghoffer* weekly average method ignores the plain language of the minimum wage provision and undermines the FLSA's primary purpose of ensuring a fair wage for workers."); see also *Douglas v. Xerox Bus. Servs.*, LLC, No. C12-1798-JCC, 2015 WL 10791972, at *5 (W.D. Wash. Dec. 1, 2015), *aff'd*, 875 F.3d 884 (9th Cir. 2017) (declining to impose the *Klinghoffer* rule as the measurement of FLSA compliance and finding the appropriate measure for FLSA compliance is whether an employee is paid the minimum wage for every hour he or she worked).

Where state courts have not decided a particular substantive legal issue of relevance, federal district courts must try to predict how the state's highest court would do so and decide the case accordingly. See *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 936–37 (8th Cir. 2012); *Lindholm v. BMW of N. Am., LLC*, No. 16-3516, 2017 WL 2838215, at *2 (8th Cir. July 3, 2017).

II. DISCUSSION

The Court first finds that the defendants overstate the importance of the *Klinghoffer* decision to the issues of this case. The decision does not bear the weight that the defendants put on it. The Court agrees with the plaintiffs that application of the *Klinghoffer* rule, essentially permitting income averaging under the Nebraska wage

---

*Petrone v. Werner Enters.*, No. 8:11CV401/8:12CV307, 2017 WL 510884, *2 (D. Neb. Feb. 2, 2017) (Smith Camp, J.) ("Petrone II"). Werner's motion was granted in part: the plaintiffs' summary judgment award was reversed, and the court held that the issue of sleeper berth compensability was a mixed question of law and fact requiring resolution by a jury. *Id.* at *5.

The Court finds the conflicting district court decisions in *Petrone* provide little authority for resolution of issues of this case. See *Salinas v. U.S. Xpress Enters., Inc.*, No. 113CV00245TRMSKL, 2018 WL 1477127, at *5 (E.D. Tenn. Mar. 8, 2018), *report and recommendation adopted*, No. 1:13-CV-245, 2018 WL 1475610 (E.D. Tenn. Mar. 26, 2018) (noting the inconsistent results in the same court) (emphasis in original).

6

statute, would not necessarily be fatal to the Class's claim under the Nebraska Wage and Hour Act. The plaintiffs' claim for failure to pay minimum wage under Nebraska law does not depend solely on a rejection of averaging. They also allege that, even if Werner could have complied with its minimum wage obligations by averaging paid work time with unpaid work time over the course of a workweek, its mileage rates were so low that driver pay still fell short of the Nebraska minimum wage. Accordingly, the *Klinghoffer* decision is not determinative of issues in this case. There is persuasive authority in other jurisdictions for the proposition that averaging is unreasonable in view of the remedial purpose of the FLSA.

The Court has relied on and interpreted Nebraska caselaw in earlier FLSA and Nebraska wage law cases involving similar issues and it routinely considers, interprets, and predicts state law in the context of the exercise of diversity jurisdiction. Both state and federal courts have addressed issues analogous to those presented in this case and the Court has a sufficient foundation on which to base a prediction of the way the Nebraska Supreme Court would rule. The Court finds that the issues are not so unsettled that there is a need to submit questions to the Nebraska Supreme Court. There is sufficient statutory authority and caselaw, without certifying any questions to the Nebraska Supreme Court, to answer the questions raised in this case. Accordingly, the Court declines to certify any questions to the Nebraska Supreme Court at this time. Accordingly,

IT IS ORDERED that the defendants' motions to certify a question to the

Nebraska Supreme Court, (Filing No. 218 in 8:14cv319; Filing No. 125 in 8:15cv287; and Filing No. 90 in 8:17cv145) are denied.

Dated this 22nd day of March, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge