IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EZEQUIEL OLIVARES ABARCA, individually and on behalf of all those similarly situated;<br><br>   Plaintiffs,<br><br> v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>   Defendants.<br><br>_____ | **8:14CV319**<br>**(Lead Case)** |
| WILLIAM SMITH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>   Plaintiffs,<br><br> v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>   Defendants.<br><br>_____ | **8:15CV287**<br>**(Member Case)** |
| BRIAN VESTER and JOEL MORALES, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>   Defendants.<br><br>_____ | **8:17CV145**<br>**(Member Case)** |

1

| | |
|---|---|
| DANIEL BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WERNER ENTERPRISES, INC., et al.,<br><br>Defendants. | 8:20CV227<br>(Member Case) |

This matter is before the court on the defendants' renewed motions for partial summary judgment on the plaintiffs' meal and rest break claims under California Labor Code §§ 226.7 and 512, Filing No. 310 in 8:14cv319, Filing No. 215 in 8:15cv287, Filing No. 173 in 8:17cv145, and Filing No. 55 in 8:20cv227.  These are consolidated class actions for alleged violations of Nebraska and California wage and hour laws. This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

I.  BACKGROUND

The Court has certified two classes of truck drivers: a California class and a Nebraska class.  *See* Filing No. 186, Findings and Recommendation; Filing No. 190, Memorandum and Order.[1]  The California class alleges violations of meal and rest break requirements under California wage and hour law.  Filing No. 160, Fourth Amended Complaint at 9-10.  Defendants Werner Enterprises, Inc., and Drivers Management, LLL (collectively, "Werner"), earlier moved for summary judgment on the California meal and rest break claims.  Filing No. 243, Motion.  The Court denied the motion without prejudice to reassertion, pending the resolution of several then-pending appeals involving the enforceability of a Federal Motor Carrier Safety Administration ("FMCSA") determination

---

[1] For ease of reference, the Court will refer to pleadings filed in the lead case, *Abarca v. Werner Enters., Inc.* ("*Abarca*"), No. 8:14-cv-319.  Generally, there are corresponding pleadings in the member cases.

2

on preemption. Filing No. 276, Memorandum and Order at 3. The FMCSA had determined in 2018 that the California meal and rest break laws were preempted by federal hours-of-service regulations as to property-carrying commercial vehicle drivers and were therefore unenforceable. *See* California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption, 83 Fed. Reg. 67470-1, 2018 WL 6809341-1 (Dec. 28, 2018) ("2018 FMCSA Order"). There is no dispute that the plaintiff class members are property-carrying commercial motor vehicle drivers subject to the FMCSA.

Werner now renews it summary judgment motions in reliance on *Int'l Bhd. of Teamsters, Local 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841, 854 (9th Cir. 2021), *pet. for reh'g en banc denied* (9th Cir. Mar. 25, 2021).[2] In that case, the Ninth Circuit rejected a challenge to the validity of the FMCSA's 2018 determination. *Id.* Werner contends the Ninth Circuit's decision is dispositive of the California class's meal and rest break claims and the claims are preempted.

The lead plaintiffs do not deny that they are subject to the FMCSA's hours-of-service regulations. However, they contend that the 2018 FMCSA determination cannot be applied retroactively. They thus oppose the motion with respect to claims for alleged violations that occurred prior to December 28, 2018. They argue, in reliance on the FMCSA's rejection of a request to find preemption in 2008, that prior to the 2018 FMCSA order, California truck drivers could reasonably expect that their meal and rest break rights were not preempted by federal law and enforcing the FMCSA's new rule would deprive them of vested rights. Werner responds that that the 2018 FMCSA Order is

---

[2] The lead plaintiffs have until June 23, 2021, to file a petition for certiorari in the Supreme Court. *See* S. Ct. R. 13.

3

merely an interpretation of an already-existing preemption provision, not a new rule, and it applies retroactively to prohibit the lead plaintiffs' California claims.

II. LAW

"Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (quoting Fed. R. Civ. P. 56(c)(2)). The court views facts in the light most favorable to the nonmoving party, and makes no determinations of credibility. *Cottrell v. Am. Family Mut. Ins. Co., S.I.*, 930 F.3d 969, 971–72 (8th Cir. 2019). Further, the Court does not weigh the evidence or draw inferences, as those functions belong to the jury. *Id.*

"Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004). The retroactive application of the FMCSA Order is a pure question of law. *See North v. Superior Hauling and Fast Transit, Inc.*, No. EDCV18-2564 JGB (KKx), 2019 WL 6792816, at *2 (C.D. Cal. July 10, 2019) (denying motion to certify appeal).

Under federal law, the Secretary of Transportation("Secretary") is authorized to make a determination that certain state laws are preempted and may not be enforced. 49 U.S.C. § 311419(a). The Secretary of Transportation has delegated the authority to issue such determinations to the FMCSA Administrator. *See* 49 C.F.R. § 1.87(f) (2016). If the Secretary decides a State law or regulation is additional to or more stringent than a federal motor carrier safety regulation, the state law or regulation may be enforced "unless

4

the Secretary also decides that—(A) the State law or regulation has no safety benefit; (B) the State law or regulation is incompatible with the regulation prescribed by the Secretary; or (C) enforcement of the State law or regulation would cause an unreasonable burden on interstate commerce." 49 U.S.C. § 31141(c)(4). Under 49 U.S.C. § 31141(f) and 28 U.S.C. § 2342(3)(A), federal appeals courts are vested with exclusive jurisdiction to enjoin, set aside, suspend, or determine the validity of FMCSA preemption determinations. See *Ayala v. U.S Xpress Enters, Inc.*, No. 5:16-CV-00137-GW (KK), 2019 WL 1986760, at *2 (C.D. Cal. May 2, 2019) ("judicial review of a DOT preemption determination may only be heard by a circuit court").

On December 28, 2018, the FMCSA published an Order concluding that the California meal and rest break rules contained in California Labor Code Sections 226.7 and 512, as applied to property-carrying commercial vehicle drivers, are preempted by the FMCSA's hours of service regulations. See FMCSA Order, 2018 WL 6809341-1. The FMCSA Order was promulgated under 49 U.S.C. § 31141. On review of that order, the Ninth Circuit rejected a challenge to the determination, finding that state regulations were within the agency's preemption authority and holding that the FMCSA's preemption determination was reasonable and properly supported. *Int'l Bhd. of Teamsters*, 986 F.3d at 854. As a result, commercial motor vehicle drivers subject to the FMCSA's hours-of-service regulations may not bring claims labor under California's meal and rest break rules. *Valiente v. Swift Transp. Co. of Ariz. LLC*, No. 2:19-cv-04217-VAP-KKx, 2021 WL 1799808, at *2 (C.D. Cal. Apr. 5, 2021), *appeal docketed*, No. 21-55456 (9th Cir. May 5, 2021).

The Ninth Circuit has not ruled on the issue of the retroactive effect of the 2018 FMCSA Order and California district court opinions on the subject are in conflict. *See North,* No. 2019 WL 6794211, at *2; *compare id.,* 2019 WL 6792816, at *3-4 (C.D. Cal. May 31, 2019) (denying a motion to dismiss meal and rest break claims that accrued before the effective date of the FMCSA preemption determination), *den. certification of appeal,* 2019 WL 6794211 (C.D. Cal. July 10, 2019) *with Ayala*, 2019 WL 1986760, at *3 (stating the court was without authority to enforce the meal and rest break claims); *Robinson v. Chefs' Warehouse, Inc.*, No. 15-CV-05421-RS, 2019 WL 4278926, at *4 (N.D. Cal. Sept. 10, 2019) (finding the reasoning of *Ayala* persuasive and holding the court had no authority to enforce the preempted law at all, including retroactively); *and Henry v. Cent. Freight Lines, Inc.*, No. 2:16-CV-00280-JAM (EFB), 2019 WL 2465330, at *4 (E.D. Cal. June 13, 2019) (granting summary judgment to all California meal and rest break claims as preempted). However, the agency has weighed in on the issue. *See* Dep't of Trans., FMCSA, Office of Chief Counsel, FMCSA Legal Opinion on Applicability of Preemption Determinations to Pending Lawsuits (Mar. 22, 2019), available at https://www.fmcsa.dot.gov/safety/fmcsa-legal-opinion-applicability-preemption-determinations-pending-lawsuits; fmcsa-legal-opinion-3-22-19.pdf. The Office of Chief Counsel expressed the opinion that the 2018 FMCSA Order bars all enforcement actions, including those claims which accrued prior to December 28, 2018.³  *Id.* at 3 ("At any time after FM CSA issues a decision preempting a State law or regulation as applied to certain activities or persons, no court may grant relief with respect to such activities or persons

---

³ The Ninth Circuit declined to review this legal opinion, finding it was not part of the preemption determination on review and was not a final agency action. *Int'l Bhd. of Teamsters*, 986 F.3d at 858 n.5.

6

on the basis of that State law or regulation, regardless of when the underlying conduct occurred (and regardless of when the lawsuit was filed)"). The Chief counsel explains:

> This view is not inconsistent with the presumption against retroactive legislation or rulemaking, because it does not involve the retroactive application of an FMCSA decision, and instead involves only attempts to enforce a State law or regulation after the issuance of a preemption decision. An FMCSA preemption decision, moreover, has the same effect as a statute that removes jurisdiction in a pending lawsuit, as it eliminates a legal predicate for the lawsuit. Thus, just as a statute removing jurisdiction applies "whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994), so too does an FMCSA preemption decision apply without regard to any consideration of retroactivity.

*Id.*

III. DISCUSSION

The Court finds the weight of authority supports the conclusion that the 2018 FMCSA order effectively strips courts of authority to enforce any California meals and rest break rules, including those that accrued prior to the date of the order. This Court concurs with the line of cases finding that the FMCSA order applies retroactively by necessity because it forecloses present enforcement of the preempted laws. *See Connell v. Heartland Express, Inc.*, No. 2:19-CV-09584-RGK-JC, 2020 WL 813022, at *3 (C.D. Cal. Feb. 6, 2020). The Ninth Circuit holding that the FMCSA's 2018 determination of preemption is valid only reinforces the Court's decision. *See Int'l Bhd. of Teamsters*, 986 F.3d at 856-57. The FMCSA legal opinion on retroactivity, though not subjected to appellate review, is persuasive on the topic. The Court finds it lacks authority to enforce the California meal and rest break claims, regardless of when the underlying conduct occurred. Accordingly, Werner is entitled to summary judgment on the California class's meal and rest break claims.

7

IT IS ORDERED:

1. The defendants' renewed motions for partial summary judgment (Filing No. 310 in 8:14cv319, Filing No. 215 in 8:15cv287, Filing No. 173 in 8:17cv145, and Filing No. 55 in 8:20cv227) are granted.

2. The California class's meal and rest break claims are hereby dismissed.

Dated this 1st day of June 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge